■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE CASTRO-CRUZ, Appellant. [604 NYS2d 465] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: We reject defendant's contention that the sentence must be vacated on the ground that the sentenc-

ing court was under the misapprehension that the aggregate maximum term of the consecutive sentences would be reduced by the Department of Correctional Services pursuant to Penal Law § 70.30 (1) (c). Although that section does not apply where, as here, defendant was convicted of three class A felonies, the record does not reflect that the sentencing court intended to sentence defendant in a manner different from the sentence that it imposed.

Furthermore, there is no merit to defendant's contention that the trial court gave defendant erroneous information that contributed to his decision to reject the People's plea offer. The record reflects that defendant had rejected the plea offer before the trial court made the allegedly erroneous statement.

Additionally, the record belies defendant's contention that defense counsel was not permitted to speak on defendant's behalf before the imposition of sentence.

We find, however, under the circumstances of this case, that the sentence imposed is harsh and excessive. Therefore, we modify the sentence as a matter of discretion in the interest of justice to impose concurrent rather than consecutive terms of imprisonment.

Defendant failed to preserve for our review his contention, contained in his supplemental *pro se* brief, that the trial court gave an unbalanced charge on reasonable doubt *(see,* CPL 470.05 [2]) and we decline to review that issue in the interest of justice *(see,* CPL 470.15 [6]). We have reviewed the remaining contentions advanced by defendant, including those raised in his supplemental *pro se* brief, and we conclude that each one is lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.